In the Matter of MICHAEL CARDO, Appellant, v ERNEST L. BOYER, as Chancellor of the State University of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered February 28, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review and annul respondents' determination not to appoint him to the faculty of the State University of New York at Oneonta, and to order his appointment to said faculty with back pay. The petitioner was appointed to a specific one-year term as an instructor at the State University College of Oneonta for the period of September 1, 1973 to August 31, 1974. In a letter dated July 19, 1974, the petitioner was notified that he was to immediately vacate his office. On August 1, 15 and 28, 1974 the employer advertised an opening for a one-year appointment substantially similar to that which the petitioner had previously held. In one of the advertisements it was indicated that a certain academic degree and experience were desired or required. The petitioner met those requirements and submitted his application. However, an allegedly lesser qualified person was given the appointment. Upon this appeal the petitioner contends that when a public employer lists certain qualifications in an advertisement for help, it cannot accept a lesser qualified person when one also applies who meets the qualifications. It should be

noted that this case does not involve civil service eligibility requirements or other mandated qualifications for eligibility for appointment. The policies of the board of trustees provide that appointments are to be made in accordance with the judgment (discretion) of the chief administrative officer (8 NYCRR 335.1). The mere existence of apparently superior qualifications does not establish an abuse of discretion by the appointing officer *(Matter of Avins v Gould,* 35 AD2d 1043, mot for lv to app den 28 NY2d 484). It is obvious that his past performance had been deemed undesirable by the employer since his prior appointment was allowed to end without renewal. The present record does not establish any legal right on the part of the petitioner to relief *(Matter of Avins v Gould, supra).* Judgment affirmed, without costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.